# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KIP BAKER, ) | |
| ) | |
| Plaintiff, ) | Case No 10-03151-CV-S-DGK |
| ) | |
| v. ) | |
| ) | |
| MFA ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants MFA Enterprises and Owen Highley's Motion to dismiss for failure to state a claim. Doc. 3. The Court has reviewed this Motion in conjunction with Defendants' Suggestions in Support and Plaintiff Kip Baker's Suggestions in Opposition. Docs. 4, 11. Defendants seek to dismiss Counts I and II—Plaintiff's state law claims—for failure to exhaust administrative remedies. They also seek to dismiss Defendant Owen Highley from Counts III and IV—Plaintiff's federal law claims—claiming a lack of individual liability under Title VII. For the reasons discussed below, Defendants' Motion is GRANTED.

## Background

On March 25, 2010, Plaintiff filed suit against Defendants in the Circuit Court of Greene County, Missouri, alleging religious discrimination and retaliation in violation of Title VII and the Missouri Human Rights Act. Doc. 1-2. Defendants removed this case to federal court on the basis of federal question jurisdiction. Doc. 1. Plaintiff alleges that Defendants created a hostile work environment on the basis of religion and retaliated against his filing a charge of discrimination by terminating his employment. Doc. 1-2 at ¶¶ 12-36.

## Discussion

### A. Plaintiff Failed To Exhaust His Missouri Administrative Remedies

Under the Missouri Human Rights Act, an employee must file a charge of discrimination within 180 days of the alleged discriminatory act. Mo. Rev. Stat. § 213.075(1). Plaintiff's charge states that he was terminated on March 23, 2009, making the due date September 19, 2009. Complaints are deemed filed on the date actually received[1] by the Commission on Human Rights—September 22, 2009, in this case. Doc. 1-2 at 16, Mo. Code Regs. Ann. tit. 8, § 60-2.025(4) (2009). In his Petition and response to this Motion, Plaintiff asserts that his termination did not take effect until April 3, 2009, making his complaint timely. The plain language of the statute requires a complaint to be filed within 180 days of the "alleged discriminatory act," not the date such act takes effect. Case law has roundly rejected this position as well. *See, e.g., Foster v. BJC Health System,* 121 F. Supp. 2d 1280, 1285 (E.D. Mo. 2000) ("When an employee receives notice of termination before the discharge date, the statute of limitations on her discriminatory discharge claim begins to run on the date of notice."); *Heilman v. American Family Mut. Ins. Co.,* 931 F. Supp. 658, 660 (W.D. Mo. 1996) ("The statute of limitations period for purposes of Title VII and the MHRA begins to run on the date that the allegedly discriminatory act took place and the plaintiff was aware of the action.").

By Plaintiff's own account, he received notice of his termination on March 23, 2009. Even assuming that he could prove that his termination did not take effect until April 3, this is irrelevant. His complaint to the Missouri Commission on Human Rights was due on September 19 and was filed on September 22. Accordingly, it was untimely. While it was admittedly only untimely by a few days, "experience teaches that strict adherence to the procedural requirements

---

[1] Or the postmark date, which does not appear to apply because Plaintiff's complaint appears to have been faxed on September 22. Mo. Code Regs. Ann. tit. 8, § 60-2.025(4) (2009).

specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980). Since Plaintiff failed to exhaust his state remedies, his state causes of action fail to state a claim upon which relief can be granted. Defendants' Motion to dismiss Counts I and II is GRANTED. Plaintiff's federal claims remain because Title VII has a 300-day filing requirement for states that have a body such as the MCHR. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002).

### B. Individual Liability Against Defendant Highley Is Not Available On Counts III And IV

Plaintiff does not respond to Defendants' argument that there is no individual liability under Title VII. It is not clear whether he intends to concede this point. Regardless, it is well-established law. *See, e.g., Pennsylvania State Police v. Suders,* 542 U.S. 129, 138 n.4 (2004) ("The District Court...dismissed…[the plaintiff's] Title VII and ADEA claims against the individual defendants on the grounds that those statutes do not provide for individual liability."). Defendants' Motion to dismiss Counts III and IV against Defendant Highley is GRANTED.

### Conclusion

Plaintiff failed to exhaust his state administrative remedies. Counts I and II therefore fail to state a claim. Furthermore, federal law is clear that Title VII does not provide for individual liability. Accordingly, Defendants' Motion to dismiss is GRANTED. Counts I and II are dismissed and Counts III and IV are dismissed as against Defendant Owen Highley.

**IT IS SO ORDERED**

Dated: September 2, 2010
      /s/ Greg Kays
      GREG KAYS,
      UNITED STATES DISTRICT JUDGE